UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENNETH SAAVEDRA** | * | **CASE NO.** |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **DOLLAR GENERAL CORPORATION, JANE DOE, AND ABC INSURANCE COMPANY** | * | **MAGISTRATE** |
| Defendant | * | |
| | * | **A JURY IS DEMANDED** |

## NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, Dolgencorp, LLC (incorrectly styled "Dollar General Corporation") (hereinafter "Defendant"), respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, on the grounds set forth below:

1.

On August 11, 2023, the attached Petition for Damages was filed in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, entitled *Kenneth Saavedra versus Dollar General Corporation, Jane Doe, and ABC Insurance Company,* bearing case number 23-1056, Division B.[1]

2.

This lawsuit seeks damages from Defendant for injuries allegedly sustained by Plaintiff as a result of an alleged trip and fall incident at a Dollar General store in Violet, Louisiana on August

---

[1] Exhibit A, Plaintiff's Petition for Damages.

23, 2022.[2] Specifically, Plaintiff claims "he tripped over a foreign object on the floor, causing him to fall and sustain injuries"[3]

3.

On September 21, 2023, Plaintiff filed a First Supplemental and Amending Petition for Damages whereby Plaintiff amends his original Petition to add an allegation that his claim for damages is in **excess of $75,000.**[4]

4.

28 U.S.C. Section 1332 provides federal courts with original jurisdiction over all civil actions where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs and between citizens of different states.[5] In accordance with Louisiana law, Plaintiff's original Petition did not allege a specific amount of damages; however, Plaintiff's First Supplemental and Amending Petition does **allege that his damages exceed $75,000.**[6] Therefore, it is facially apparent that Plaintiff's claim exceeds $75,000.

5.

Additionally, Plaintiff's counsel submitted a pre-litigation settlement demand for $372,215.[7] The demand alleges that Plaintiff has undergone a trial spinal cord stimulator and has been recommended for a permanent stimulator.[8] The demand further claims $97,655 in past medical expenses and $291,215 in future medical expenses.[9] On multiple occasions, Courts within

---

[2] Exhibit A, Paragraph 3.
[3] Exhibit A, Paragraph 3.
[4] Exhibit B, First Supplemental and Amending Petition for Damages.
[5] 28 U.S.C. Section 1332(a)(1).
[6] Exhibit B, at Paragraph 10.
[7] Exhibit C, Pre-litigation Settlement Demand.
[8] Exhibit C.
[9] Exhibit C.

the Fifth Circuit have found settlement demand letters to be "valuable" or "competent" evidence supporting the amount in controversy requirement of 28 U.S.C. Section 1332(a).[10]

6.

There is no evidence to suggest Plaintiff's allegation regarding the value of his damages was inflated or was not an honest assessment of her damages.[11] Moreover, there is no evidence to suggest, let alone establish to a legal certainty, that the amount in controversy is really for less than the jurisdictional amount. While Defendant admits no liability, nor any element of damages, Defendant has met the burden of showing that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7.

Pursuant to 28 U.S.C.A. 1446(b)(3), "[e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Dollar General was served with Plaintiff's Petition for Damages on September 18, 2023, and with Plaintiff's First Supplemental and Amending Petition on October 5, 2023. Thus, removal is timely because it was filed within 30 days of Defendant being served with either the original Petition or the Supplemental and Amending Petition.

---

[10] See, *Creppel v. Fred's Stores of Tennessee, Inc.*, 2013 WL 3490927, at *3 (E.D. La. 2013). *Phefferkorn v. Brookshire Grocery Company*, 2019 WL 847938 at *2 (W.D. La. 1/29/2019); *Lowrie v. Wal-Mart Louisiana,* LLC, 2015 WL 9685508 (W.D. La. 12/1/2015); *Luna v. PNK (Lake Charles), LLC*, 2016 WL 6748029 (W.D. La. 9/27/2016); and *Carver v. Wal–Mart Stores, Inc.,* 2008 WL 2050987 (M.D. La. 5/13/08)
[11] *Carver v. Wal-Mart Stores, Inc.*, 2008 WL 2050987, at *2 (M.D. La. 5/13/2008).

8.

For purposes of determining whether this Court has original jurisdiction for this action under 28 U.S.C. §1332, this Court should ignore fictitious defendants Jane Doe and ABC Insurance Company. As such, the parties to this action are completely diverse:

A. Plaintiff, Kenneth Saavedra, is a person of full age of majority and domiciled in the Parish of St. Bernard, State of Louisiana;[12]

B. Dolgencorp, LLC, is a Kentucky limited liability company whose sole member is Dollar General Corporation. Dollar General Corporation is a foreign corporation which is incorporated and has its principal place of business in the State of Tennessee.

9.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interest and costs and complete diversity exists between all adverse and properly joined parties.

10.

The 34TH Judicial District Court for the Parish of St. Bernard, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."[13]

11.

Defendant prays for a jury trial on all issues.

---

[12] See Exhibit A, Introductory Paragraph.
[13] 28 U.S.C. § 1441(a)

**WHEREFORE**, removing Defendant, Dolgencorp, LLC, prays that the above action now pending in the 34TH Judicial District Court for the Parish of St. Bernard, State of Louisiana, be removed therefrom to this Honorable Court. Defendant additionally prays for a jury trial on all issues.

                                                          **Respectfully submitted,**

                                                          _/s/ Michael L. Ballero_
                                                          TREVOR C. DAVIES (32846)
                                                          SHANNON O. HARRISON (26163)
                                                          MICHAEL L. BALLERO (36793)
                                                          **WANEK KIRSCH DAVIES LLC**
                                                          1340 Poydras Street, Suite 2000
                                                          New Orleans, Louisiana 70112
                                                          Telephone: (504) 324-6493
                                                          Email: tdavies@wkdlawfirm.com
                                                          Email: mballero@wkdlawfirm.com
                                                          Attorneys for Dolgencorp, LLC

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via electronic mail this 6th day of October, 2023.

                                                                       _/s/ Michael L. Ballero_