UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KENNETH SAAVEDRA**  CIVIL ACTION

**VERSUS**  NO: 23-5873

**DOLLAR GENERAL CORP. ET AL.**  SECTION "H"

## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 15). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Kenneth Saavedra alleges that he sustained injuries when he tripped and fell at a Dollar General store in Violet, Louisiana on August 23, 2023. Plaintiff alleges that after selecting his items and making his way toward the cash register, he turned down an aisle and tripped over a set of metal shelving that had been negligently placed in the aisle by employees during merchandising. He brought this action under Louisiana's Merchant Liability Statute, Louisiana Revised Statutes § 9:2800.6, against the owner of the Dollar General store, Defendant Dolgencorp, LLC, for the injuries he sustained in the fall.[1] Plaintiff alleges that Defendant breached its duty to protect him from an unreasonable risk of harm. Defendant has moved for summary judgment,

---

[1] Defendant removed the matter to this Court pursuant to its diversity jurisdiction.

1

arguing that the shelving was open and obvious and that it did not fail to exercise reasonable care.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to

---

[2] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Louisiana Revised Statutes § 9:2800.6 provides a negligence cause of action to people who suffer an injury at a business because of an unsafe condition at the business.[10] Subsection B of the statute sets forth the elements a plaintiff must prove to succeed on his claim.[11] The statute provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

---

[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] LA. REV. STAT. § 9:2800.6.
[11] *Id.* § 9:2800.6(B).

or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[12]

A failure to make a clear showing of any one element under Louisiana's merchant liability statute is fatal to a plaintiff's claim.[13] It is undisputed that Defendant's employees created the condition by placing the shelving in the aisle, thereby satisfying the second element. Defendant argues, however, that Plaintiff cannot show that the shelving stacked in the aisle was unreasonably dangerous because it was open and obvious or that Defendant failed to exercise reasonable care.

"It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it."[14] "In order for an alleged hazard to be considered obvious and apparent [the Louisiana Supreme Court] has consistently stated that the hazard should be one that is open and obvious to everyone who may potentially encounter it."[15] Additionally, "[a] pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear."[16]

It is undisputed that on the date of the incident approximately five to eight metal shelves that were approximately five feet by two-and-a-half feet were stacked vertically leaning up against an aisle of the store. The shelves were left by employees who were in the process of merchandising. Plaintiff

---

[12] *Id.*

[13] White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1086 (La. 1997).

[14] Martin v. Boyd Racing, L.L.C., No. 2:14-CV-3040, 2016 WL 1546792, at *2 (W.D. La. Apr. 14, 2016), *aff'd*, 681 F. App'x 409 (5th Cir. 2017).

[15] Bufkin v. Felipe's La., LLC, 171 So.3d 853, 856 (La. 2014).

[16] Hutchinson v. Knights of Columbus, Council No. 5747, 866 So. 2d 228, 235 (La. 2004).

testified that the stack was at the edge of the aisle "right as you turn."[17] A picture that was taken by Plaintiff immediately after he fell confirms that the shelving was stacked at the edge of the aisle, blocking a substantial portion of the aisle, and boxes were also stacked across from the shelving in the aisle. In his deposition, Plaintiff testified that he could not see the shelving until he turned down the aisle upon which they were leaning and that his foot immediately caught on the shelving, and he fell awkwardly to the ground. Further, Plaintiff has presented evidence that Defendant's employees failed to take any steps, such as placing cones or signage, to warn of the hazard. Plaintiff argues that the metal shelving was not open and obvious due to its placement at the edge of the aisle and that Defendant failed to use reasonable care in placing it there.

This Court agrees. Courts have routinely held that large objects such as carts, boxes, and pallets left along a store aisle are open and obvious to shoppers and do not inherently create unreasonable risk of harm.[18] However, "under some circumstances, the placement of merchandise may be unreasonably dangerous."[19] For example, if it is "located in a place where the shopper might unexpectedly encounter it and trip."[20] Although "the utility of the stocking procedure is important, . . . the likelihood and magnitude of harm

---

[17] Doc. 15-2 at 9.
[18] Stewart v. Wal-Mart Louisiana, LLC, No. 12-1537, 2013 WL 1838578, at *2 (W.D. La. May 1, 2013).
[19] Morris v. Home Depot, U.S.A., Inc., No. 12-1700, 2013 WL 4508175, at *3 (E.D. La. Aug. 22, 2013); see Butler v. Wal-Mart Stores, Inc., No. 08-3663, 2009 WL 1507580, at *3 (E.D. La. May 26, 2009) (denying summary judgment where plaintiff argued pallet was placed unreasonably close to the shelf).
[20] Russell v. Morgan's Bestway of Louisiana, LLC, 113 So. 3d 448, 453 (La. App. 2 Cir. 2013).

to a customer becomes great when a box in the store is less obvious and apparent."[21]

The Court finds the analysis of another section of this Court in *Morris v. Home Depot, U.S.A., Inc.* compelling.[22] There, the court considered whether a "single box of merchandise 'displayed' on the floor was an open and obvious tripping hazard."[23] The court noted that although the box was obvious, the plaintiff alleged that, "as he approached from the back of the store," his view of the single box of merchandise was obscured by a stack of two boxes of merchandise.[24] The Court denied summary judgment, holding that it could not find "as a matter of law that the placement of the single-box of merchandise on the floor did not create an unreasonably dangerous tripping hazard under the circumstances."[25]

Here too, the metal shelving was an obvious hazard, but its placement prevented it from being apparent to "everyone who may potentially encounter it."[26] Plaintiff has presented evidence that the placement of the shelving at the edge of the aisle prevented him from seeing it until it was too late to avoid the hazard. Accordingly, the Court cannot say as a matter of law that the placement of the shelving was open or obvious or did not create an unreasonably dangerous hazard. "Whether a condition is unreasonably dangerous also turns on the utility of the complained-of condition, the cost of

---

[21] Guerrero v. Brookshire Grocery Co., 165 So. 3d 1092, 1098 (La. App. 2 Cir. 2015).
[22] *Morris*, 2013 WL 4508175, at *4.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Bufkin*, 171 So.3d at 856.

preventing the harm, and the nature of the plaintiff's activities in terms of social utility or whether it is dangerous by nature. This balancing is 'peculiarly . . . for the jury or trier of facts.'"[27] Accordingly, summary judgment is not appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 29th day of January, 2025.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] *Butler*, 2009 WL 1507580, at *3 (quoting Reed v. Wal–Mart Fores, Inc., 708 So.2d 362, 364 (La.1998)).