UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH SAAVEDRA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-5873** |
| **DOLLAR GENERAL CORP. ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendant's Motion for Reconsideration of Clerk's Denial of Costs. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Kenneth Saavedra alleged that he sustained injuries when he tripped and fell at a Dollar General store in Violet, Louisiana on August 23, 2023. He brought this diversity action under Louisiana's Merchant Liability Statute against the owner of the Dollar General store, Defendant Dolgencorp, LLC, for the injuries he sustained in the fall. The parties tried this matter before a jury on July 14 through 16, 2025. The jury returned a verdict in which it found that Defendant was at fault for Plaintiff's accident but that Plaintiff was not injured as a result of the accident. The Court entered judgment in favor of Plaintiff as to fault and in favor of the Defendant as to injuries sustained as a result of the incident.

Following trial, Defendant filed a Bill of Costs before the Clerk of Court, requesting the taxation of costs as the prevailing party pursuant to Federal

1

Rule of Civil Procedure 54.[1] The Clerk of Court denied Defendant's request, explaining that Defendant was not the prevailing party because it did not prevail on the issue of fault. Defendant moved this Court to reconsider the Clerk's denial.

## LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 54, following judgment, costs should be allowed to the prevailing party. "The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."[2] "A district court reviews a Clerk of Court's award of costs by exercising its own discretion to 'decide the cost question [it]self.'"[3]

The question here is whether Defendant is the "prevailing party" under the terms of Rule 54. Defendant argues that because Plaintiff failed to satisfy his burden to prove his negligence claim—i.e. the element of causation— Defendant is the prevailing party. The Clerk of Court acknowledged a dearth of case law on the issue but ultimately found that "the limited jurisprudence falls short of supporting Dollar General's position that it is the prevailing party."[4] This Court agrees with the Clerk of Court's reasoning and adopts it here.

In addition, the Court finds the D.C. Circuit's opinion in *Tunison v. Continental Airlines Corp.* compelling.[5] There, the jury found that the

---

[1] Doc. 58.
[2] FED. R. CIV. PRO. 54.
[3] Young v. UOP LLC, No. CV 21-282-SDD-EWD, 2024 WL 3274778, at *1 (M.D. La. July 2, 2024) (quoting Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 233 (1964)).
[4] Doc. 59-1.
[5] Tunison v. Cont'l Airlines Corp., 162 F.3d 1187, 1191 (D.C. Cir. 1998).

defendant had violated the Air Carrier Access Act in its interaction with the plaintiff, but it awarded the plaintiff no damages.[6] The court held that neither party was the prevailing party under Rule 54.[7] It noted that the defendant could not be found to be the prevailing party where it had been found to have violated the Act and had judgment entered against it.[8] It held that the defendant had "cited no case in which a party against whom judgment was entered was held to be prevailing, and has suggested no justification for such a treatment."[9] The Fifth Circuit has agreed that courts are not required to declare a prevailing party in every case.[10] "When both sides achieve some litigation victories on a claim, there may not be a prevailing party."[11]

Here, Defendant was found to be at fault and had judgment entered against it on the issue of fault. Accordingly, the Court finds that it cannot be said to be the prevailing party.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

---

[6] *Id.* at 1187.
[7] *Id.* at 1191.
[8] *Id.*
[9] *Id.*
[10] Schlobohm v. Pepperidge Farm, Inc., 806 F.2d 578, 584 (5th Cir. 1986) (holding that neither party prevailed).
[11] Domain Prot., L.L.C. v. Sea Wasp, L.L.C., 23 F.4th 529, 540 (5th Cir. 2022).

New Orleans, Louisiana this 12th day of January, 2026.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**